UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE LUSTER,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 2:23-cv-01311-RFB-BNW<br><br>ORDER |

　　　　Respondents have filed a motion to dismiss in response to George Luster's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 8). ECF No. 28. Respondents argue that the lone claim in the petition (Claim 1) is entirely unexhausted. Respondents also argue that a portion of the claim is not cognizable in a federal habeas proceeding, that the petition is untimely and successive, and the petition should be dismissed because Luster failed to develop the factual record in state court. For reasons that follow, the motion is denied.

**I.　　PROCEDURAL BACKGROUND**[1]

　　　　In 1998, Luster was convicted in Nevada's Eighth Judicial District Court on several charges arising from the kidnaping of one man and the murder of another. For the murder, the state district court sentenced Luster to life without the possibility of parole plus an equal and consecutive term for the deadly weapon enhancement. Luster also received a variety of consecutive prison terms for his other convictions. Luster filed a timely notice of appeal.

　　　　After his appeal was affirmed by the Supreme Court of Nevada, Luster filed a petition for post-conviction relief in the state district court that was denied. Luster appealed. The Nevada Supreme Court reversed that decision due to the district court's failure to hold a proper evidentiary

---

[1] Unless otherwise noted, the information in this section is drawn from the state court recorded filed at ECF Nos. 14-27 and this court's own docket.

hearing and remanded the case for that purpose. The state supreme court reversed and remanded a second time when the state district denied the petition again without holding an evidentiary hearing. While those proceedings were ongoing, this court received, in March 2004, Luster's initial federal petition, which was assigned case number 2:04-cv-00334-RLH-NJK.

On April 27 and May 4, 2005, the state district court conducted evidentiary hearings on Luster's state petition. In August 2005, this court stayed federal proceedings to allow Luster to exhaust state court remedies. The state district court subsequently denied Luster's state petition and that decision was affirmed by the Nevada Supreme Court in July 2006, with a remitter issued in October 2006.

Proceedings in this court resumed in January 2007 and, after another exhaustion stay from November 2009 to August 2011, culminated in this court denying relief in March 2015. Luster appealed. The Ninth Circuit Court of Appeals denied a certificate of appealability. Luster then filed, pro se, a series of post-judgment motions, all of which were denied. Luster appealed those denials, but the Ninth Circuit again denied a certificate of appealability.

In June 2023, the state district court entered an amended judgment of conviction to correct a clerical error. Then, in September 2023, the state district court entered another amended judgment reflecting that, for two counts, Luster should have been sentenced under the statute in effect at the time he committed his crimes, not at the time he was sentenced. The amendment did not affect his sentence on the first degree murder with use of a deadly weapon charge.

About a month before the second amended judgment was entered, Luster initiated this federal proceeding by submitting a petition alleging, in essence, that his life without parole sentence is invalid under federal and state law because it was imposed by the trial judge, not the jury. At roughly the same time, he filed a motion to correct illegal sentence in the state district court raising the same claim. After Luster paid his filing fee, this court entered an order in October 2023 directing the clerk to file his federal petition. After receiving one extension of time, respondents filed the motion to dismiss that is now before the court for decision. Based on records

available online, it appears as if the state district court denied Luster's motion to correct illegal sentence on May 28, 2024.[2]

## II. DISCUSSION

### 1. **Claim 1 is exhausted.**

Generally, this court is not permitted to grant habeas relief unless the petitioner has exhausted the remedies available in the state court. See 28 U.S.C. § 2254(b). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995), and O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).

Claim 1, the only claim in Luster's petition, alleges that his sentence of life without the possibility of parole is unconstitutional because it was imposed by a trial judge even though Luster did not personally waive his right to a jury trial.[3] Respondents contend that Claim 1 is unexhausted because it has only been presented to the state district court. Luster argues that he is excused from exhausting the claim because the Nevada courts have already denied the claim several times. Luster is correct.

As explained in Section II.3., below, the amended judgment of conviction entered in September 2023 resulted in a new sentence and, therefore, a new judgment of conviction. In an unpublished opinion, Sivak v. Christensen, the Ninth Circuit held that re-exhaustion after the

---

[2] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=12026136

[3] In their motion to dismiss, respondents treat Claim 1 as if it raises three distinct claims – i.e., 1(A) that Luster's Sixth Amendment right to a trial by jury was violated because the judge sentenced him instead of a jury, 1(B) that counsel was ineffective for waiving Luster's right to jury sentencing, and 1(C) that the state district court violated Luster's right to a speedy trial by jury. ECF No. 28 at 3. Because Luster insists that Claim 1 presents a single unified claim (ECF No. 31 at 10), the court will treat it as such.

imposition of a new judgement is not required because exhaustion depends on available remedies for the claim being raised and not the judgment being challenged. 2022 WL 118638 at *1 (9th Cir. Jan. 12, 2022) (finding the district court erred when it required the petitioner to re-exhaust his claims after the imposition of a new sentence).

Based on the state court record before this court, Luster has at least twice fairly presented an argument to the Nevada courts that his federal constitutional rights were violated because the trial judge lacked jurisdiction to sentence him to life without the possibility of parole. In an opening brief filed after a 2017 motion to correct an illegal sentence was denied by the state district court, Luster argued to the Nevada Court of Appeals that the sentence violated his Fourteenth Amendment rights to due process and equal protection. The Nevada Court of Appeals affirmed the lower court because the record showed that the parties had stipulated to Luster being sentenced by the trial judge.

In May 2019, Luster filed another motion to correct an illegal sentence in the state district court, this one adding his Sixth Amendment right to a jury trial as a legal theory and citing several U.S. Supreme Court Cases. When Luster appealed the denial of that motion, the Nevada Court of Appeals again affirmed the lower court based on a finding that Luster had stipulated on the record to being sentenced by a judge rather than a jury. Agreeing with the reasoning in <u>Sivak</u>, this court concludes that Luster has exhausted his state court remedies for Claim 1 by fairly presenting it in those two state court proceedings.

**2. Claim 1 states a cognizable claim for relief.**

Respondents argue that a portion of Claim 1 – the portion they identify as Claim 1(A) – is not cognizable in a federal habeas proceeding because it alleges only violations of state law. As noted in the footnote above, the court rejects the notion that Claim 1 is divisible into three sub-claims. In any case, Luster does allege violations of state law in Claim 1, but he also claims violations of his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, and also claims that his sentence runs afoul of several U.S. Supreme Court cases. Respondents' argument is premised on a contention that they "can find no clearly established U.S. Supreme Court case law

implementing a U.S. Constitutional right to sentencing by a jury in non-capital cases." Lack of legal authority to support relief goes to the substantive merit of the claim and is more properly raised in an answer to a petition. The court will address the issue when it rules upon the merits of Claim 1.

### 3. The petition is not successive and, therefore, is timely-filed.

Respondents argue that Luster's petition is barred by the statute of limitations because it was filed nearly seventeen years after his state post-conviction proceedings concluded in October 2006. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). Id. Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005).

Respondents' timeliness argument is based on the faulty premise that the statute of limitations runs from Luster's original judgment rather than the amended judgment of conviction entered in September 2023. As recounted above, this court has already denied Luster habeas relief with respect to his original judgment of conviction. Even so, not all petitions that are second-in-time are "second or successive" under 28 U.S.C. § 2244(b). Magwood v. Patterson, 561 U.S. 320, 331–33 (2010). A petition that challenges a "new judgment intervening between … two habeas petitions" is not successive for purposes of § 2244(b) even though the first petition challenged the same underlying state criminal proceeding. Id. at 339 (citation omitted). There is no question that the amended judgment of conviction entered in September 2023 resulted in new judgment under Magwood. See Gonzalez v. Sherman, 873 F.3d 763, 773 n.5 (9th Cir. 2017) ("Even if the judgment is not substantively changed, it constitutes a new, intervening judgment if the earlier judgment is

amended or even if it is reissued as an amended judgment as in Magwood."). Thus, Luster's petition in this case is not second or successive under § 2244(b).

That being the case, respondents' timeliness argument is undermined by the holding in Smith v. Williams, 871 F.3d 684 (9th Cir. 2017). In addressing the same timeliness argument that the respondents raise here, the court in Smith noted that § 2244(b) and § 2244(d) "use[] identical statutory language to indicate that the relevant judgment is the one pursuant to which the petitioner is incarcerated." Smith, 871 F.3d at 687. The court also reasoned that the state's untimeliness argument would make Magwood irrelevant "because it is realistically most unlikely that a habeas petitioner would be able to file and litigate a first federal petition, have the judgment or sentence amended in state court, and file a new federal petition regarding the amended judgment all within one year of the original conviction." Id. at 688 (citation omitted). Because Luster's petition was filed well within a year of the September 2023 judgment, it is timely filed. Respondents' arguments attempting to distinguish this case from Smith are unavailing.

**4.   Dismissal is not warranted based on failure to develop facts in state court.**

Respondents argue that Luster's petition alleges facts to support his claim that he failed to develop in state court. Accordingly, they argue that, to the extent Luster relies on those factual allegations to support his claim, this court should dismiss the petition because he is not entitled to an evidentiary hearing in federal court under the exceptions provided for in 28 U.S.C. § 2254(e)(2). In response, Luster contends that the existing state court record is sufficient for this court to render a decision with further factual development. Taking Luster at his word, this court will decide the petition based on the existing state court record.

///
///
///
///
///

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall file an Answer to Luster's habeas petition (ECF No. 8) within **60 days** of the date this order is entered. Luster shall have **60 days** from the date on which the answer is served on him to file and serve a Reply.

**IT IS FURTHER ORDERED** that Respondents Motion to Seal (ECF No. 26) is **GRANTED**.[4]

**DATED:** September 30, 2024

                                          RICHARD F. BOULWARE, II
                                          U.S. DISTRICT JUDGE

---

[4] The court finds that the possibility that the exhibit may be used for improper purposes is a compelling reason for the court to restrict the public's access to the exhibit. See Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006).