**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

GEORGE LUSTER,

Petitioner,

v.

JAMES DZURENDA,[1] *et al.*,

Respondents.

Case No. 2:23-cv-01311-RFB-BNW

**ORDER**

*Pro se* Petitioner George Luster, who is incarcerated in the custody of the Nevada Department of Corrections, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 8. In 1998, a jury convicted Luster of, among other things, first-degree murder with use of a deadly weapon, and the trial court sentenced him to life imprisonment without the possibility of parole (LWOP). ECF No. 17-5. Luster contends his LWOP sentence violates the federal constitution because, contrary to NRS § 175.552(2), Luster did not sign a written waiver and stipulation stating that the *trial court*, not the *jury*, could impose his sentence for first-degree murder. ECF No. 8. Specifically, he contends his LWOP sentence for first-degree murder violates his (1) Sixth Amendment rights to a jury trial and to a speedy trial; (2) Fourteenth Amendment rights to due process and equal protection; and (3) Eighth Amendment right against cruel and unusual punishment. Id. For the reasons explained below, the Court grants the writ.

---

[1] According to the state corrections department's inmate locator page, Luster is incarcerated at High Desert State Prison ("HDSP"). See NDOC Inmate Search, NEV. DEP'T CORRS., https://ofdsearch.doc.nv.gov/form.php (last visited Feb. 6, 2026). The department's website reflects that Jeremy Bean is the warden of that facility. See High Desert State Prison, NEV. DEP'T CORRS., https://doc.nv.gov/Facilities/HDSP_Faciltiy/ (last visited Feb. 6, 2026). At the end of this Order, the Court directs the Clerk of the Court to substitute Luster's current immediate physical custodian, Jeremy Bean, as Respondent for the prior Respondent James Dzurenda. See Fed. R. Civ. P. 25(d).

## I.    BACKGROUND

### A.  Trial and Sentencing

In 1998, the State charged Luster with multiple crimes including first-degree murder with use of a deadly weapon but did not seek the death penalty. ECF No. 14-6. During jury selection, the trial court repeatedly informed the prospective jurors that, if the jury found Luster guilty of the murder charge, the law in Nevada "requires the jury to set the punishment," and "[i]n the State of Nevada, there are two possible forms of punishment that the jury can consider under the circumstance[:] a) life imprisonment without the possibility of parole; and [b]) life imprisonment with the possibility of parole." ECF No. 14-23 at 16–19, 66–67, 74–75, 80–81, 85–86, 92–93, 103–04, 117–18, 130–31, 139, 150–51, 163, 175–76, 184–85, 196–198, 200–01, 208–09, 224, 239–40, 246–47, 257, 262–63, 271–72. The jury returned a guilty verdict for, among other things, first-degree murder. ECF 17-1.

Judge Mosley presided over the trial; however, Judge McGroarthy stood in for Judge Mosley for the reading of the verdict. Id. at 3. The court minutes state that Luster and his counsel were present for the verdict. ECF No. 14-1 at 102. The transcript for the reading of the verdict does not state whether Luster was present or not present; however, it reflects his counsel was present and participated in the proceeding. ECF No. 17-1 at 2, 5. After the verdict was read, but before the jurors were excused, the prosecutor informed Judge McGroarthy that, although the jurors were informed "there would be a penalty phase that they would be participating in," "based upon a stipulation between counsel, the judge is going to do the sentencing":

THE COURT: All right, give the sentencing date.

THE CLERK: March 18th, 9 a.m.

THE COURT: All right, ladies and gentlemen of the jury, even though I was not your judge during the course of this trial, on behalf of Judge Mosley I want to thank you for taking time out of your own daily affairs, work schedules to serve as jurors . . . Counsel?

[THE STATE]: One thing, Your Honor, the jury had been told when we originally seated them that there would also be a penalty phase that they would be participating in. And based upon a stipulation between counsel, the judge is going to do the sentencing, and we would like to have you inform the jury of that fact, that you will not—

THE COURT: Do you understand that, ladies and gentlemen, you will not be called

upon to pass sentence in this case.

. . . .

Id. at 5–6.

Judge Mosley subsequently sentenced Luster to, among other things, LWOP plus an equal and consecutive term for the deadly weapon enhancement for the first-degree murder conviction. ECF Nos. 17-4 at 2, 21; 17-5 at 3. At sentencing, the trial court asked Luster whether there was any "legal cause or reason why judgment should not be pronounced against him, at that time," and Luster replied, "No, sir." ECF No. 17-4 at 3. Neither Luster nor his counsel objected to the trial court pronouncing sentence for Luster's first-degree murder conviction. Id.

Luster unsuccessfully appealed his convictions and sought post-conviction relief in state and federal court. ECF Nos. 17-10; 20-11; Luster v. Director, Nevada Dept. of Corrections, et al., Case No. 2:04-cv-00334-APG-NJK; Luster v. Howell, Case No. 2:18-cv-01213-GMN-PAL.

**B.   Motions to Set Aside or Correct the LWOP Penalty and Amended Judgments**

**1.   First Motion to Set Aside LWOP Penalty**

On June 23, 2016, Luster filed a motion to set aside his LWOP penalty, arguing the trial court fixed the penalty in violation of NRS § 175.552, and due process under the Fourteenth Amendment of the United States Constitution. ECF No. 21-40. The state district court denied the motion. ECF Nos. 22-25; 22-34. Luster did not appeal.

**2.   Second Motion to Correct Illegal LWOP Sentence**

On October 18, 2017, Luster filed a second motion to correct an illegal sentence arguing the trial judge acted without authority in sentencing him to LWOP for the first-degree murder conviction in violation of NRS § 175.552 and violated his rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. ECF No. 22-37. The state district court denied the motion. ECF Nos. 22-41 at 3; 22-44; 22-48. Luster appealed. ECF Nos. 22-40; 22-43. The Nevada Court of Appeals, in Case No. 74479-COA, affirmed finding the parties stipulated to sentencing by the trial judge:

George W. Luster, Jr., appeals from an order of the district court denying a motion to correct an illegal sentence filed on October 18, 2017 . . ..

In his motion, Luster claimed his sentence was illegal because the district court

- 3 -

lacked jurisdiction to sentence him. Specifically, he claimed the district court lacked jurisdiction to sentence him because he was convicted of first-degree murder, and absent a stipulation from the parties, he was required to be sentenced by the trial jury. See NRS § 175.552(1)(a), (2). Luster failed to demonstrate his sentence was facially illegal or the district court lacked jurisdiction to sentence him. See Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Transcripts reflect that on the day the verdict was read, the parties indicated they had stipulated to Luster being sentenced by the trial judge. Therefore, we conclude the district court did not err by denying Luster's motion, and we ORDER the judgment of the district court AFFIRMED.

ECF No. 23-2. Luster's petitions for rehearing and review were denied. ECF Nos. 23-4; 23-6.

### 3. Third Motion to Correct Illegal LWOP Sentence

On May 17, 2019, Luster filed a third motion to correct illegal sentence—this time arguing he was entitled to relief because of the Supreme Court's recent decision in Mccoy v. Louisiana, 584 U.S. 414 (2018), and because Judge McGroarty lacked jurisdiction to waive a jury for the penalty phase, dismiss the jury, and order that Judge Mosely would determine the sentence for the first-degree murder conviction. ECF No. 23-8 at 2. The state district court denied the motion. ECF Nos. 23-10 at 3; 23-11. Luster appealed. ECF No. 23-13. The Nevada Court of Appeals in Case No. 79311-COA, affirmed finding:

George W. Luster, Jr. appeals from an order of the district court denying a motion to correct an illegal sentence filed on May 17, 2019 . . ..

In his motion, Luster claimed that the district court lacked jurisdiction to sentence him because a district court judge not assigned to his case dismissed the jury after the verdict and ordered that his penalty phase be held in front of the assigned district court judge.

"An illegal sentence [is] one at variance with the controlling sentencing statute, or illegal in the sense that the court goes beyond its authority by acting without jurisdiction or imposing a sentence in excess of the statutory maximum provided." See Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996) (internal quotation marks omitted). "A motion to correct an illegal sentence presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence." Id. (internal quotation marks omitted).

First, the alleged error complained of by Luster occurred prior to the imposition of sentence; therefore, this claim was not properly raised in this motion. Second, Luster failed to demonstrate the sentencing judge acted without jurisdiction. As found by this court in a previous order, Luster stipulated on the record to being sentenced by a judge rather than the jury. See Luster v. State, Docket No. 74479-COA (Order of Affirmance, October 25, 2018). The fact that a judge other than the trial judge accepted that stipulation did not deprive the court of jurisdiction. See Nev. Const. art. 6, § 6; NRS 171.010. Therefore, Luster failed to demonstrate the district court lacked jurisdiction or that his sentence was illegal. Accordingly, we

- 4 -

conclude the district court did not err by denying Luster's motion . . ..

ECF No. 23-30 at 2–3. In his appeal, Luster's request for an order directing the Clark County District Attorney to provide him with a copy of a written stipulation that proves Luster waived his penalty hearing and agreed to let the trial judge determine his sentence was denied on the grounds that the request was directly related to the merits of the appeal and was not proper for resolution of the motion. ECF No. 23-29. Luster's petition for rehearing was denied. ECF No. 23-37.

### 4.   Amended Judgment of Conviction

On June 16, 2023, the state district court granted Luster's motion to correct a clerical error in the judgment, i.e., the words "Count 1" were missing, and entered an amended judgment of conviction. ECF Nos. 25-33 at 3; 25-34. On September 22, 2023, the state district court vacated the sentences on Counts 3 and 5 and entered a second-amended judgment of conviction imposing sentences for those counts that conform to the statutes in effect at the time of the commission of the offenses. ECF No. 25-44 at 5–6.

### 5.   Fourth and Final Motion to Correct Illegal LWOP Sentence

On August 31, 2023, after the entry of the amended judgment, Luster filed a fourth motion to correct an illegal sentence arguing the LWOP sentence for first-degree murder is illegal because the trial judge, rather than the jury, determined the penalty, in violation of state law, the Sixth Amendment right to a jury trial and speedy trial, Fifth Amendment Due process, and the Eighth Amendment's proscription against cruel and unusual punishment. ECF No. 44-7. On April 22, 2024, the district court denied the motion under the law of the case doctrine, based on Luster's prior appellate rulings in 74479-COA and 79311-COA, in which it rejected Luster's arguments that his sentence was illegal, that the trial court lacked jurisdiction to sentence him, and instead found Luster stipulated to being sentenced by the judicial officer. ECF Nos. 44-13 at 6; 45-3 at 3. Luster appealed. ECF No. 44-11. On November 20, 2024, the Nevada Court of Appeals, in Case No. 88555-COA, affirmed the denial of the motion:

> George W. Luster, Jr., appeals from a district court order denying a motion to correct an illegal sentence filed on August 31, 2023 . . . .
>
> In his motion, Luster claimed his sentence was illegal because the district court lacked jurisdiction to sentence him for his first-degree murder conviction.

Specifically, he claimed that first-degree murder trials are bifurcated and thus that the jury had sole jurisdiction to determine his sentence under NRS 175.552. A motion to correct an illegal sentence may only challenge the facial legality of the sentence: either the district court was without jurisdiction to impose a sentence or the sentence was imposed in excess of the statutory maximum. Edwards v. State, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). "A motion to correct an illegal sentence presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence." Id. (internal quotation marks omitted).

Previously, Luster filed a motion to correct an illegal sentence and argued "the district court lacked jurisdiction to sentence him because he was convicted of first-degree murder, and absent a stipulation from the parties, he was required to be sentenced by the trial jury." This court determined Luster had not shown that his sentence was facially illegal or that the district court lacked jurisdiction to sentence him. Luster v. State, No. 74479-COA, 2018 WL 5801384, at *1 (Nev. Ct. App. Oct. 25, 2018) (Order of Affirmance) (noting "the parties indicated they had stipulated to Luster being sentenced by the trial judge"). This determination is the law of the case and "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Therefore, we conclude the district court did not err by denying the instant motion.

> [FN 1] To the extent Luster contended that the district court or the State violated his constitutional or statutory rights, these claims are outside the scope of claims permissible in a motion to correct an illegal sentence. See Edwards, 112 Nev. at 708, 918 P.2d at 324.

ECF No. 45-22 at 2–3. Remittitur was filed on December 23, 2024. ECF No. 45-23.

**C.  Federal Habeas Proceedings**

Luster filed a federal habeas corpus petition on August 24, 2023—before the state appellate court issued its determination for the appeal from the denial of the fourth motion to correct an illegal LWOP sentence. ECF No. 8. Respondents moved to dismiss the petition claiming that the petition is untimely and successive, Luster's claim is unexhausted, and he failed to develop the factual record in state court. ECF No. 28 at 1. This Court denied the motion. ECF No. 39.

**II.    DISCUSSION**

Luster alleges his LWOP sentence for his first-degree murder conviction violates the (1) Fourteenth Amendment right to due process, (2) Sixth Amendment right to a jury trial and to a speedy trial, and (3) Eighth Amendment right against cruel and unusual punishment. ECF No. 8. He contends the trial court lacked jurisdiction to impose his sentence because he did not personally waive his right to a jury for the penalty phase of his trial. ECF Nos. 8; 39 at 3. Luster claims waiver

of the jury-penalty phase should have been in writing and signed by him, his counsel, and the district attorney in accordance with NRS § 175.552(2). Id. He claims he was never informed of his right to a penalty phase by a jury, never canvassed about waiving that right, and never signed a waiver of a jury penalty phase. Id. He claims the trial court instead illegally sentenced him based on a verbal stipulation between his trial counsel and the prosecutor. Id. The respondents contend the Nevada Courts were objectively reasonable in denying this claim and Luster fails to show any constitutional violation. ECF No. 46. Luster's claim is alleged in multiple parts but at Luster's request, this Court will treat it as a single unified claim.[2] ECF No. 39 at 3.

### A. Review is *De Novo*

This Court previously determined that Luster fairly presented his federal constitutional claims to the state appellate courts. ECF No. 39. The Nevada Court of Appeals made it clear that Luster's federal constitutional claims were not adjudicated by that court when it stated: "to the extent Luster contended that the district court or the State violated his constitutional or statutory rights, these claims are outside the scope of claims permissible in a motion to correct an illegal sentence." ECF No. 45-22 at 3 n.1. The respondents waived a procedural default defense, based on a failure to comply with state procedural requirements, by failing to raise such a defense in their motion to dismiss or answer. See Chaker v. Crogan, 428 F.3d 1215, 1220 (9th Cir. 2005); Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003). Because this Court determined Luster's federal constitutional claims were fairly presented to the state court, the respondents waived a procedural default defense based on a failure to comply with state procedural requirements, and the state court expressly did not adjudicate the claims, this Court subjects the claims to *de novo* review. See, e.g., Cone v. Bell, 556 U.S. 449, 472 (2009) (holding where state courts did not reach a federal constitutional issue, "the claim is reviewed *de novo*.").

### B. State Law Error

During Luster's trial, the prosecutor informed the substitute trial judge that "counsel' had stipulated to a sentencing hearing before the trial judge in lieu of a penalty phase with the jury.

---

[2] For clarity, the Court's analysis of the components of the claim are set forth individually; however, its determinations are made considering the components as a unified single claim.

Luster contends mere stipulation by his counsel and the prosecutor was insufficient and instead NRS § 175.552 required that he execute a written stipulation and waiver.

At the relevant time, NRS §§ 175.552(1)-(4) stated, in pertinent part:

1. Except as otherwise provided in subsection 2, in every case in which there is a finding that defendant is guilty of murder of the first degree, whether or not the death penalty is sought, the court shall conduct a separate penalty hearing. The separate penalty hearing must be conducted as follows:

   (a) If the finding is made by a jury, the separate penalty hearing must be conducted in the trial court before the trial jury, as soon as practicable.

2. In a case in which the death penalty is not sought, the parties may by stipulation waive the separate penalty hearing required in subsection 1. When stipulating to such a waiver, the parties may also include an agreement to have the sentence, if any, imposed by the trial judge. Any stipulation pursuant to this subsection must be in writing and signed by the defendant, his attorney, if any, and the prosecuting attorney.

   . . . .

4. In a case in which the death penalty is not sought, the jury or the trial judge shall determine whether the defendant should be sentenced to life with the possibility of parole or life without the possibility of parole.

The state court record presented to this Court contains no written waiver and stipulation, signed by Luster, his counsel, and the prosecutor. The prosecutor asserted counsel stipulated to have the trial judge, rather than the jury, determine the penalty. Because the state statute expressly required a signed waiver and stipulation in writing before the trial court, rather than the jury, was authorized to determine Luster's penalty for first-degree murder, Luster has established the State violated NRS § 175.552(2).

**C. Sixth Amendment Right to Jury Trial for Penalty Phase**

Luster alleges the State violated his right to a jury trial for the penalty phase under the Sixth Amendment because, according to NRS § 175.552, the jury—not the trial judge—had sole jurisdiction to determine the penalty for his first-degree murder conviction. ECF No. 8. The Court disagrees.

The right to a jury trial under the Sixth Amendment does not "implicate the entire panoply of criminal trial procedural rights." See Gardner v. Fla., 430 U.S. 349, 358 n.9 (1977). Aside from any fact that exposes a defendant to a greater punishment than that authorized by the jury's guilty

verdict, the Supreme Court of the United States has not held there is a Sixth Amendment right to be sentenced by a jury. See Taylor v. Horn, 504 F.3d 416, 448 (3d Cir. 2007) (quoting Spaziano v. Fla., 468 U.S. 447, 464–65 (1984)). The Third Circuit recognized the Supreme Court has held a defendant "does not have a federal constitutional right to be sentenced by a jury," but "[s]tates are free to determine whether a judge or jury makes the ultimate sentencing decision." Id. And bifurcated trials "have never been compelled by th[e Supreme Court] as a matter of constitutional law." Spencer v. State of Tex., 385 U.S. 554, 568 (1967).

Although Luster may have had a state statutory right to a jury determination of punishment for a first-degree murder conviction, and he undoubtedly possessed a Sixth Amendment right to a jury for the guilt phase of his trial, he had no Sixth Amendment right to a jury determination of the penalty for the first-degree murder conviction. Accordingly, Luster is not entitled to federal habeas relief based on his claim to a Sixth Amendment right to a jury penalty-determination.

### D. Due Process Right to Jury for Penalty Phase

Luster contends he was denied due process under the Fifth and Fourteenth Amendments because he was sentenced by the trial court, rather than the jury, due to the State's failure to obtain a requisite written and executed waiver of the jury's determination of his penalty and stipulation that the trial court would instead impose the penalty for first-degree murder, as required by state law. The Court concludes the State's failure to obtain the requisite waiver and stipulation, and the state appellate court's affirmance relying upon the prosecutor's mere representation that the parties had so stipulated, arbitrarily denied Luster his state law entitlement to a jury's determination of his penalty for first-degree murder, in violation of due process under the Fourteenth Amendment. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).

The Fifth and Fourteenth Amendments state that people shall not "be deprived of life, liberty, or property without due process of law. U.S. CONST. amend. V & XIV, § 1. The Fourteenth Amendment's due process clause is applicable to the states. Id. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Errors of state law generally do not warrant federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). And a petitioner "may not, however, transform a state-

law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). "Violations of state law, without more, do not deprive a defendant of due process. Habeas corpus relief for an asserted violation of due process is available only when the state court's action is arbitrary or fundamentally unfair." Cooks v. Spalding, 660 F.2d 738, 739 (9th Cir. 1981) (internal citations omitted).

A petitioner may show he was deprived of his due process right to fundamental fairness if he establishes the state court arbitrarily deprived him of a state law entitlement. See Hicks, 447 U.S. at 346; see also Richmond v. Lewis, 506 U.S. 40, 50 (1992) (explaining a claim may lie only where a sentencing error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.") (citations omitted). In evaluating whether a state violates due process by failing to follow its own statutory procedure, the Court considers (1) whether the state created a liberty interest, and (2) whether the state provided sufficient procedure for its vindication as required by the due process clause. See Swarthout v. Cooke, 562 U.S. 216, 219–20 (2011) ("When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures.").

In Luster's case, the trial judge repeatedly informed the jury that it was "required" to decide the penalty should it find a guilty verdict for the first-degree murder charge. The record nowhere demonstrates, in strict (or even partial) compliance with NRS § 175.552(2), that Luster, his counsel, and the prosecutor, signed a written stipulation to have the trial judge, instead of the jury, sentence Luster. However, following the verdict, the prosecutor informed a substitute trial judge that counsel stipulated the trial judge would sentence Luster, and the jury could be released.

In Hicks, the Supreme Court held that when a State vests the sentencing power in the trial jury, a defendant has "a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion." Hicks, 447 U.S. at 346. The Supreme Court in Hicks determined the state appeals court arbitrarily reformed Hicks's sentence, thus denying him the right to be sentenced by a jury, by speculating that a jury might have imposed a sentence equally as harsh as that [affirmed by the appellate court]. The

Supreme Court determined "[s]uch an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law." Id. (emphasis in original).

Here, the State provided for a liberty interest in having the jury determine Luster's penalty for first-degree murder, unless there was a written and signed waiver and stipulation to have the trial court sentence Luster. The trial judge and the parties repeatedly informed the jury that it was "required" to decide the penalty should it find a guilty verdict for the first-degree murder charge. Accordingly, Luster had a substantial and legitimate expectation that he would be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State. See Hicks, 447 U.S. at 346.

After the verdict, the prosecutor informed a substitute judge that "counsel" stipulated the trial judge would impose sentence. According to NRS § 177.522(2), counsel's stipulation that the trial judge, not the jury, would impose penalty was insufficient to constitute waiver of the jury's determination of the penalty. The record does not show Luster, his counsel, and the prosecutor, each signed a written stipulation that the trial judge, rather than the jury, would impose the penalty. The record likewise does not show that Luster was canvassed regarding his rights under state law or that he knowingly relinquished his right to be sentenced by the jury. The state appellate court's determination that Luster's claim lacks merit as "the parties indicated they had stipulated to Luster being sentenced by the trial judge," is arbitrary and capricious as it constitutes an irrational application of the state law to the facts in the record of the case.

The Court finds Nevada arbitrarily denied Luster the jury sentence to which he was entitled under state law, and that Luster was denied due process of law. The Court grants a writ of habeas corpus, vacates the judgment for first-degree murder, and remands for resentencing by a jury.

### E.  Speedy Trial, Cruel and Unusual Punishment, and Equal Protection

Luster further claims his Sixth Amendment rights to a speedy trial, Eighth Amendment right against cruel and unusual punishment, and right to equal protection, were violated by the State's failure to afford him a penalty determination by the jury.

Luster claims that he was denied a speedy trial because of the delay between his erstwhile

jury determination of his penalty for first-degree murder and the present litigation. The Supreme Court has held that the Sixth Amendment's speedy trial guarantee protects the accused from arrest or indictment through trial but does not apply once a defendant has been found guilty at trial or has pleaded guilty to criminal charges,  and thus does not apply to a sentencing phase of a criminal prosecution. See Betterman v. Montana, 578 U.S. 437, 439–41 (2016). Instead, "[f]or inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clauses of the Fifth and Fourteenth Amendments." Id. "After conviction, a defendant's due process right to liberty, while diminished, is still present. He retains an interest in a sentencing proceeding that is fundamentally fair." Id. at 448. The Court declines to find the State's *delay* in providing Luster with a jury determination of his penalty for first-degree murder was fundamentally unfair. Luster did not object to the imposition of the sentence by the trial court following the jury's verdict or at his sentencing hearing, raise this issue during his state direct appeal and state and federal postconviction proceedings for the initial judgment, and instead waited for more than a decade to seek relief from the failure to provide a jury determination of the penalty.[3] The claim is denied.

Luster's Eighth Amendment claim that the State's action constitutes cruel and unusual punishment fails. The jury was told during jury selection that, if they found Luster guilty of first-degree murder, they were required to decide whether he should be sentenced to LWOP or Life with the Possibility of Parole. Luster has not established the State's failure to provide him with that jury determination resulted in punishment that is grossly disproportionate to the severity of the crime or imposes unnecessary and wanton infliction of pain. The claim is denied.

For his Equal Protection claim, Luster fails to allege facts showing he is a member of a protected class, and the State acted with an intent or purpose to discriminate against him based on his membership in a protected class, or intentionally treated him differently than others similarly situated and without a legitimate purpose. The claim is therefore denied for lack of merit.

---

[3] Luster improperly relies on United States v. Haymond, 588 U.S. 634, 647–48 (2019), which stated that "a 'criminal prosecution' continues and the defendant remains an 'accused' with all the rights provided by the Sixth Amendment, until a final sentence is imposed" and "merely acknowledge[d]that an accused's final sentence includes any supervised release sentence he may receive."

- 12 -

### III.    CERTIFICATE OF APPEALABILITY

This is a final order including rulings adverse to Luster. Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA"). Therefore, the Court has *sua sponte* evaluated the claim within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); see also Turner v. Calderon, 281 F.3d 851, 864–65 (9th Cir. 2002). Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this Court's procedural ruling was correct. See id. Applying these standards, this Court finds reasonable jurists could debate the correctness of this Court's procedural ruling and assessment of the constitutional claims and grants a certificate of appealability for all claims in the petition.

### IV.    CONCLUSION

It is therefore ordered that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 8) is granted based on Petitioner George Luster's due process claim. Petitioner George Luster's sentence in Case No. 95C132314 in the District Court, Clark County, Nevada, is hereby vacated. Within 60 days[4] of the later of (1) the conclusion of any proceedings seeking appellate or certiorari review of this Court's judgment, if affirmed; or (2) the expiration for seeking such appeal or review, Luster must be given a new penalty hearing before a jury.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.

///

///

///

---

[4] This Court will entertain reasonable requests to modify the judgment to extend this time.

- 13 -

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to substitute Jeremy Bean for Respondent James Dzurenda, enter judgment accordingly, and close this case.

**DATED:** April 14, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**